UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-1741-MJD-JRS |
| ) | |
| ANDREW SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PETITION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act. [Dkt. 19.] The Court **GRANTS IN PART** the motion for the reasons set forth below.

**I. Background**

On April 30, 2019, Plaintiff filed his Complaint seeking judicial review of the ALJ's unfavorable finding denying his application for Supplemental Security Income disability benefits. [Dkt. 1.] The Court ruled in favor of Plaintiff and entered judgment on July 7, 2020, reversing the decision of the Commissioner and remanding for further proceedings. [Dkt. 18.] Plaintiff timely filed the instant motion with supporting documentation on September 28, 2020, requesting an EAJA attorney fee award in the amount of $6,183.44 and costs in the amount of $400.00. [Dkt. 19.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file his application (1) showing that he is a "prevailing party," (2) provide the Court with an itemized statement that represents the computation of the fees requested, and (3) allege that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

There is no question that Plaintiff is a prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). Plaintiff has provided appropriate documentation for his fee request and alleged that the position of the Commissioner was not substantially justified. Next, the Commissioner bears the burden of proving that his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner has not done so here; indeed, the Commissioner has filed a response to the motion in which he states that he does not object to the fee request. [Dkt. 21.] The Court also is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" by Plaintiff or his

counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds.

Finally, the Court must determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff has done so. *See* [Dkt. 20-1]. Plaintiff's counsel spent 27.75 hours on this case and her paralegal spent 4.6 hours, which the Court finds to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Plaintiff sets out the appropriate calculation of the applicable hourly rates permitted by the EAJA, taking into account the increase in the cost of living, as set forth in the Consumer

3

Price Index, since the statutory hourly rate was set at $125 per hour in March 1996.  *See* [Dkt. 20 at 3.]  That calculation arrives at a maximum statutory hourly rate of $202.50 for 2019 and $206.25 for 2020.  The Court finds that these rates do not exceed the prevailing market rate in the community by lawyers of comparable skill and experience and is consistent with the rate approved in other similar cases in this district.[1]  The Court also finds the requested rate of $100.00 per hour for paralegal time to be reasonable.  An award of costs in the amount of the filing fee paid, $400.00, is also appropriate.  *See* 28 U.S.C. § 1920.

There is a problem, however.  Plaintiff seeks an award of fees calculated at $206.25 per hour for each attorney hour expended.  That is a reasonable rate for 2020; however, the vast majority of those hours were expended in 2019 and therefore are subject to a lower hourly rate of $202.50.  *Sprinkle*, 777 F.3d at 428 ("Courts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed.")  Accordingly, the Court will award Plaintiff fees in amount of  $6,085.01, calculated by adding the following:

26.25 attorney hours at $202.50 (2019 rate) = $5,315.63

---

[1] The Court notes that Plaintiff's brief states the following:

> In further support of an increased hourly rate, Plaintiff's counsel contends that he is an experienced Social Security practitioner in the area (Indianapolis, Indiana), who has taken numerous claims before this Court, and has been awarded EAJA fees with an hourly rate of $180.00 and higher on several of these cases. *See Rabe v. Astrue*, 2011 WL 2899063 (S.D. Ind., July 15, 2011); *Neal v. Colvin*, 2013 WL 4479802 (S.D. Ind., August 19, 2013); *Little v. Colvin*, 2014 WL 30032 (S.D. Ind., January 3, 2014).

[Dkt. 20 at 4.]  Unfortunately, this appears to relate to another attorney in Plaintiff's counsel's firm, Charles Hankey, rather than Ms. Wold.  The undersigned has previously admonished Ms. Wold that she should take care not to support her own fee requests with information about Mr. Hankey's experience.  *See Elizabeth W. v. Saul*, 2019 WL 5565955, at *2 n.1 (S.D. Ind. Aug. 28, 2019).  **The Court does not expect this misrepresentation to reoccur**.

  1.5 attorney hours at $206.25 (2020 rate) = $309.38

  4.6 paralegal hours at $100.00 = $460.00

### III. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act, [Dkt. 19], and **awards fees in the amount of $6,085.01 and costs in the amount of $400.00**.  An award under the EAJA belongs to Plaintiff and not his attorney and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, *Astrue v. Ratliff*, 560 U.S. 586 (2010).  However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel [Dkt. 20-2].

  SO ORDERED.

Dated:  2 OCT 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.